**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-10490
Summary Calendar

THOMAS RICHARD OSBORNE,

Plaintiff-Appellant,

versus

LOCKHEED MARTIN CORP., doing business
as Lockheed Martin Tactical Aircraft System,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(4:96-CV-549)

October 2, 1998

Before POLITZ, Chief Judge, KING and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Thomas Richard Osborne appeals the summary judgment in favor of

Lockheed Martin Tactical Aircraft Systems. For the reasons assigned, we affirm.

Background

Osborne, who was employed by General Dynamics Corporation[1] as an

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Through a series of mergers and acquisitions, General Dynamics Corporation has become the current defendant, Lockheed Martin Tactical Aircraft Systems.

aircraft painter and finisher, suffered an injury on the job on June 19, 1992. Thereafter he began a leave of absence, submitted a workers' compensation claim, and began receiving benefits. On July 5, 1994 plaintiff was discharged by Lockheed under a provision of the collective bargaining agreement, which allowed for termination for absences because of disability in excess of 24 months. Osborne sought an extension of the 24-month maximum which required an agreement of the company and union. The extension was not granted.

Osborne filed suit in state court, which was removed to federal court, alleging disability discrimination, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and retaliatory discharge for the filing of a workers' compensation claim. Lockheed moved for summary judgment which the trial court granted, finding in part that Osborne failed to show a genuine issue of material fact that the filing of the workers' compensation claim was a reason for his discharge. Osborne timely appealed only that portion of the district court's order relating to the retaliatory discharge claim under Texas law.

Analysis

On appeal of a summary judgment our review of the record is plenary[2] and we apply the same standard as that used by the district court.[3] We view the evidence in the light most favorable as to the nonmovant and if we find no genuine

---

[2] **International Shortstop, Inc. v. Rally's, Inc.**, 939 F.2d 1257 (5th Cir. 1991).

[3] **Dorsett v. Board of Trustees of State Colleges & Univs.**, 940 F.2d 121 (5th Cir. 1991).

dispute of a material fact, summary judgment is appropriate.[4]

Texas law prohibits discrimination against an individual for filing a workers' compensation claim in good faith.[5] Osborne challenges the district court's conclusion about allegedly discriminatory statements made by Lockheed's human resources manager and by Lockheed's employee and union committeeman. The court held that these statements, which concerned Osborne's request for a six-month extension, did not provide evidence that Lockheed had discriminated against plaintiff for the <u>filing</u> of his claim but related, instead, to his lengthy absence from work.

Osborne further claims that the trial court erred in its treatment of statements made by the union's business agent. The trial court found that the claimed discriminatory statement did not provide sufficient evidence of termination because the agent had no input in the decision to terminate plaintiff.

Our review of the record and briefs discloses no reversible error and, accordingly, on the facts as found, the authorities cited, and analysis made by the district court in its Order Granting Motion for Summary Judgment signed March 20, 1998 and filed March 23, 1998, the judgment appealed is AFFIRMED.

---

[4] **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242 (1986).

[5] TEX. LAB. CODE § 451.001(1).